**In re John M. McCARTY,**
**Member of the Bar.**

**No. 96–8002.**

United States Court of Veterans Appeals.

April 10, 1997.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

### ORDER

PER CURIAM.

The conduct of attorney John M. McCarty in connection with his representation of a claimant (described by Mr. McCarty himself as a psychiatrically disabled veteran) before the Department of Veterans Affairs was referred by the claimant to the Mississippi Committee on Professional Responsibility, whose action on the matter was reported to this Court by Mr. McCarty pursuant to Rule 10 of this Court's Rules of Admission and Practice. A certified copy of the Mississippi Opinion and Judgment (Bar Opinion) issued on May 9, 1996, was filed with this Court on September 30, 1996. The Mississippi Committee found that certain conduct amounted to "a minor violation of certain rules of professional conduct for the Bar" and imposed discipline, including a public reprimand and a requirement to undergo monthly psychiatric follow-up visits. Bar Opinion at 8; 10.

In addition to the rules of professional conduct addressed by the Mississippi Committee, this Court has considered the involvement of 38 U.S.C. § 5904(c)(1), which pro-

vides that "in connection with a proceeding before the Department with respect to benefits under laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents or attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case." A related statute, 38 U.S.C. § 5905, provides: "Whoever (1) directly or indirectly solicits, contracts for, charges, or receives, or attempts to solicit, contract for, charge, or receive, any fee or compensation except as provided in sections 5904 or 1984 of this title, ... shall be fined as provided in title 18, or imprisoned not more than one year, or both."

Among the findings of the Mississippi Committee were the following:

"[The claimant] and Mr. McCarty ... agreed that the representation would be on a contingency fee basis of 20% of the total back due compensation received by [the claimant] at the VA or Board of Veterans' Appeal[s] level." Bar Opinion at 2.

"[The claimant] then received a March 19, 1993, letter from Mr. McCarty memorializing their 20% contingency fee agreement." Bar Opinion at 3.

"March 15, 1993 [the claimant] received a second letter from Mr. McCarty canceling the initial fee agreement of 20% and proposing a 'non-binding' gentlemen's understanding that [the claimant], even though he was not legally required to do so, would agree to pay Mr. McCarty or his practice some or all of any recovery of back due disability benefits from the VA or the Board of Veterans' Appeal[s]." Ibid.

"[The claimant] also received a May 14, 1993 letter from Mr. McCarty seeking 'free will donations'." Ibid.

"[The claimant] received the next letter from Mr. McCarty on or around July 19, 1993 in which Mr. McCarty again 'encouraged donations' and advised his veteran clients that he may have to close down his office and leave them to seek another attorney." Ibid.

"Again on August 23, 1993 [the claimant] received a letter from Mr. McCarty requesting donations." Bar Opinion at 4.

"On September 3, 1993 [the claimant] received a letter from Mr. McCarty stating that in an effort to avoid the appearance of illegality or unethical conduct, and the fact that the request for donations was not generating adequate funding for Mr. McCarty's office, Mr. McCarty advised that he would need a third party to contract with him to pay legal fees. [The claimant] understood this letter to mean that the third party would agree to pay the up front amount of $1,000.00 to Mr. McCarty." Ibid.

"On September 13, 1993 [the claimant] received another letter from Mr. McCarty requesting that a third party contractor be obtained and that the enclosed third party fee agreement be executed by said third party within thirty days or he would have to consider withdrawing from representation of [the claimant]." Ibid.

After considering the referenced statutory provisions, the Mississippi Committee's report, and a November 11, 1996, letter in which Mr. McCarty reported that he was actively representing several veterans at the administrative level and before this Court, the Court referred this matter to its Committee on Admission and Practice for its evaluation and recommendation. The Committee has submitted its report to the Court, with a copy to Mr. McCarty.

The Court finds that Mr. McCarty acted unprofessionally by attempting to secure a fee from a client through an improper contract and by engaging in inappropriate efforts to collect attorney fees, and finds that the discipline imposed by Mississippi authorities is appropriate. The Court notes that Mr. McCarty has demonstrated a current understanding of authorized fee arrangements for representing clients with veterans' benefits claims and has manifested a desire to make amends by representing several clients on a pro bono basis. The Court also notes that statutory responsibility for insuring the qualifications and conduct of attorneys representing clients before the Department of Veterans Affairs rests with the Secretary of that Department. On consideration of the foregoing, it is

ORDERED that attorney John M. McCarty is hereby publicly reprimanded for the conduct described above. It is further

ORDERED that attorney John M. McCarty shall inform this Court of any modification of the requirement for monthly psychiatric follow-up, imposed by Mississippi authorities. It is further

ORDERED that the Clerk shall forward a copy of the Mississippi opinion and judgment, the Committee's report, and this order to the Secretary of Veterans Affairs for such review and action as may be appropriate under chapter 59 of title 38, United States Code.